IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RICKY DOTSON, | )<br>) |
| Plaintiff, | ) Case No. 10-6083-HO<br>) |
| v. | ) ORDER<br>) |
| LANE COUNTY SHERIFF'S OFFICE, an Oregon county government agency; RUSSELL E. BURGER, individually and in his capacity as Lane County Sheriff; and JOHN D. CLAGUE, individually and in his capacity as Captain with the Lane County Sheriff's Office, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

INTRODUCTION

On April 5, 2010, plaintiff Ricky Dotson (Dotson), filed a civil rights complaint in this court against defendants Lane

1 - ORDER

County Sheriff's Office; Lane County Sheriff Russell Burger; and Lane County Sheriff's Captain John Clague. [#1]. The complaint alleges that between the years of 2000 and 2006, plaintiff, a Deputy Sheriff currently assigned to the Lane County Sheriff's Office Corrections Division, has been unlawfully retaliated against for exercising his First Amendment rights. Id. Plaintiff seeks an injunction prohibiting defendant from further retaliation and ordering reinstatement of plaintiff's ability to carry a firearm as well as punitive damages and fees and costs. [#1-pp. 6, 7].

Defendants have moved to dismiss plaintiff's complaint for failure to state a claim. [[#8].

## DISCUSSION

Plaintiff Dotson alleges that his employer and supervisors retaliated against him because he "made several complaints of misconduct and unethical or criminal behavior by Lane County judges, attorneys with the Lane County District Attorney's Office and judges for the United States District Court for the District of Oregon." [#1-p.3,¶12]. These complaints were made "in pleadings filed in Lane County court or United States District Court[1] and/or in communications with employees of the Lane County

---

[1] Plaintiff has filed many cases in the United States District Court. In summary, Dotson filed USDC Case No. 03-6379 Dotson v. Velure which this court in an order dated April 12, 2004, dismissed for failure to state a claim. In that same matter this court also issued a vexatious litigation order in which Dotson was

2 - ORDER

District Attorney's Office, Lane County Sheriff's Office or the Federal Bureau of Investigation." *Id.*

Plaintiff's claims[2] of retaliation pursuant to state and federal law are based upon his superiors allegedly: ordering him to participate in a fitness for duty evaluation; subjecting him to investigation for false allegations of misconduct, forbidding him from using his employer's computer system to make complaints and communications about the allegations he was making against the various legal officials; threatening him with discipline and/or termination and revoking and finally, refusing to reinstate his qualification to carry a firearm. [#1-p.4,¶15].

---

ordered to make application seeking leave to file before filing any other claims against Oregon state judges in their official capacities. However, before that order was issued, Dotson filed USDC Case No.03-6398, Dotson v. Rasmussen, which this court dismissed *sua sponte* in an order dated January 9, 2004.
 Later, on September 7, 2004, Judge Aiken dismissed another action (USDC Case No 04-6277-AA) filed by Dotson which appears to have been filed in response to the Circuit Court for the County of Lane dismissing a claim that Dotson had there filed against his wife/ex-wife.
 Finally, on defendants' motion, Magistrate Judge Coffin dismissed USDC Case No.05-6004-TC, which Dotson filed against the Lane County District Attorney's office. This court adopted Judge Coffin's Findings and Recommendation, later reconsidered that order and affirmed the adoption on August 11, 2005.

[2]  On plaintiff's first Claim of First Amendment retaliation under 42 U.S.C. §1983, he seeks non-economic damages of $500,000; unspecified economic damages stemming from his lack of promotion; injunctive relief; fees and costs; interest on his damages and punitive damages of $500,000. His second claim for retaliation under ORS 659A.199, also seeks non-economic damages of $500,000; unspecified economic damages stemming from his lack of promotion; injunctive relief; fees and costs and interest on his damages. [#1-pp.5-7].

3 - ORDER

The most recent retaliatory action plaintiff claims was taken against him on October 8, 2009, when he was again denied reinstatement of his qualification to carry a firearm. [#1-p.4,¶16].

Defendants move to dismiss all claims [#8], because: (1) the applicable statute of limitations has run; (2) plaintiff has failed to exhaust his administrative remedies; (3) the court lacks subject matter jurisdiction over the state law claims; (4) Burger and Clague are qualifiedly immune; and (5) plaintiff has failed to allege that actions by Burger and/or Clague violated any clearly established law or that they acted in bad faith. [#9-p.2].

A.  **Standards**:

1.  Motion to Dismiss:

A Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is proper only where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Balisteri v. Pacific Police Dept.*, 901 F.2d 696,699 (9th Cir.1990). The issue is not whether the plaintiff is likely to succeed on the merits but if the complaint is sufficient to entitle the plaintiff to proceed beyond the pleadings in an attempt to establish his claim. *De La Cruz v. Torrey*, 582 F.2d 45, 48 (9th Cir 1978). Under these standards, a statute of limitations defense may be raised in a motion to dismiss. Leave

4 - ORDER

to amend a deficient complaint must be granted "... [u]nless it is absolutely clear that no amendment can cure the defects." *Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995).

### 2. First Amendment retaliation:

The court in evaluating a First Amendment retaliation claim by a public employee or independent contractor, must address a "sequential five-step series of questions: (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech." *Eng v. Cooley,* 552 F.3d 1062, 1070 (9th Cir. 2009).

Plaintiff has the burden of showing that: (1) "the speech addressed an issue of public concern"; (2) "the speech was spoken in the capacity of a private citizen and not a public employee"; and (3) "the state took adverse employment action" and the speech "was a substantial or motivating factor in the adverse action. *Eng,* 552 F.3d at 1070-71. Only if plaintiff carries that burden does the burden shift to the defendants to show that the government's interests outweigh plaintiff's First Amendment

5 - ORDER

rights or that it would have taken the same action even in absence of the protected conduct. *Id.* at 1071-72.

### B. Defendants' Motion to Dismiss [#8]:

#### 1. Statute of Limitations:

Defendants argue that the statute of limitations for plaintiff's federal and state claims is (at the outside), two years from when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Jones v. Blanas*, 393 F.3d 918, 927("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions..."); ORS §30.275(3) (tort claims shall be commenced within two years); and ORS 659A.875 ("a civil action alleging an unlawful employment practice . . . must be commenced within one year after the occurrence of the unlawful employment practice").

Defendants assert that as evidenced by their attached copy of plaintiff's Bureau of Labor and Industries (BOLI) complaint[3], this action stems from incidents dating back to June and July of

---

[3] In deciding this Motion to Dismiss I will consider the BOLI correspondence submitted by defendants [#9-Atts 1-3], although it was not physically attached to the Complaint because it concerns the incidents that form the basis of this action and whose authenticity neither party can reasonably dispute. See *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir.1994)(documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss), cert denied 512 U.S. 1219 (1994); see also *Lee v. City of los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

6 - ORDER

2005. They further contend that plaintiff was informed in a "right to sue" letter he received from BOLI, that he had the right to commence suit in state court but must do so within 90 days from July 13, 2006. [#9-p.3, Att. 3]. Thus, defendants conclude, plaintiff's federal court complaint filed on April 4, 2010, is well beyond even the two year window and dismissal with prejudice is appropriate.

Plaintiff responds that while defendants are correct that plaintiff's complaint refers to actions occurring between 2000 and 2006, defendants omit the fact that their most recent incident of retaliation occurred on October 8, 2009, when plaintiff "was again denied reinstatement of his qualification to carry a firearm." [#14-p.2]. Thus plaintiff argues, his complaint filed less than six months after that incident, is well within the applicable statute of limitations. *Id.*

In cases where the plaintiff alleges ongoing violations, claims outside the limitations period which relate to claims within the limitations period may be actionable under the continuing violation doctrine. In an employment discrimination case, the Supreme Court stated that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 (2002).

However, where the plaintiff asserts claims that result from

7 - ORDER

an alleged ongoing policy of discrimination, the continuing violation doctrine applies. *Gutowsky v. County of Placer,* 108 F.3d 256, 259-60 (9th Cir. 1997). Thus there needs to be an allegation that specific acts alleged are instances of a broader policy. *Cholla Ready Mix Co. v. Civish,* 382 F.3d 969 974-75 (9th Cir. 2004).

In this instance plaintiff complains of ongoing acts of alleged discrimination which have lead the department to decide that he is not qualified to carry a firearm. Thus, the acts that occurred from 200-2006, may be relevant background material in support of his timely claim. *Id.*

Because plaintiff has alleged that the continuing denial of reinstatement of his qualification to carry a firearm have resulted in plaintiff's preclusion from promotion(s)in his complaint, I find that his claims are not barred – the continuing violation doctrine applies.

2.   Remaining issues:

Defendants' remaining arguments are better suited to a motion for summary judgment under Fed. R. Civ. P. 56, than a motion for dismissal under Fed.R.Civ.P. 12(b)(6).

///

///

///

///

8 - ORDER

CONCLUSION

Based on the foregoing, the Defendants' Motion to Dismiss [#8] is DENIED.

IT IS SO ORDERED

DATED this 24th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE

9 - ORDER